IN THE MATTER OF THE FINAL ACCOUNTING OF JOHN M. MACAULAY, EXECUTOR, ETC., OF ISAAC C. VAN WYCK, DECEASED.

*General appearance in a Surrogate's Court — what constitututes — it is a waiver of all irregularities in the service of the citation — application by a creditor or legatee, to compel payment of a claim — power of the surrogate to compel the executor to account — Code of Civil Procedure, secs. 2717, 2718, 2723.*

Upon the return day of a citation the person served filed an answer stating that he appeared solely for the purpose of objecting to the jurisdiction of the surrogate, on the ground that the order directing the citation to be served, was irregular. The answer then went on to deny certain allegations of the petition, and raised objections on the merits of the case.

*Held,* that answering the petition on its merits was equivalent to a general appearance, and a waiver of all irregularities in the service of the citation.

A legatee may combine in one petition an application to obtain the payment of his legacy or a distributive share of the estate, and with an application to compel a settlement of the accounts of the executor.

Upon an application by a creditor, or legatee, to compel an executor or administrator to pay the petitioner's claim, the surrogate may compel the executor or administrator to account, in order that it may be ascertained whether or not he holds money or property applicable to the payment of the claim.

APPEAL from an order of the surrogate of Dutchess county, requiring the appellant to file a statement of his accounts and proceedings as executor of Isaac C. Van Wyck, deceased. The petitioner alleges that she was the administratrix of Emma Louisa

Van Allen, who was a legatee under the will of the said Van Wyck, and prayed that his executor, the appellant, might be required to pay to her the amount of the said legacy, and, also, that he be required to file his inventory and appear and render an account of his proceedings.

*Chas. M. Hall*, for the executor, appellant.

*H. H. Hustis*, for L. Ida Jones, respondent.

CULLEN, J. :

The surrogate had jurisdiction of the subject-matter, but it is claimed that he did not acquire jurisdiction of the person of the appellant because the order for the service of the citation was irregular. On the return day the appellant filed an answer, in which he asserted his appearance solely for the purpose of object-ing to the jurisdiction of the surrogate on the grounds above mentioned, and set forth in detail in such answer.

Had the appellant rested here he would have been in a position to raise the question, which he now argues, as to the sufficiency of the service of the citation. But the answer went further and raised objections, on the merits, to the respondent's petition, and put some of its allegations of fact in issue. This answer to the petition on its merits made the appellant's appearance general in spite of his protest of limited appearance. (*Ballard* v. *Burrowes*, 2 Robt., 213.) The objection as to the service of the citation cannot now be raised.

It is urged that the petition was defective because it was neither specifically and in terms to obtain the payment of a distributive share nor to obtain a judicial settlement of the appellant's accounts, but sought both reliefs. The objection is untenable. It is not necessary that separate proceedings should be taken. The surrogate may, upon such a petition and a citation to account, examine and settle the account, and also decree distribution or payment to lega-tees. (*Peck* v. *Sherwood*, 56 N. Y., 615.)

The claim that the application should have been dismissed under the provisions of section 2718 is more doubtful. The section directs that the dismissal shall be without prejudice to an accounting.

Section 2723 authorizes an accounting to be had on the return of a citation issued under section 2717. It is difficult to harmonize all these provisions of the Code, but we think that under the last section the surrogate was empowered to order the appellant to account in order that it might be ascertained whether there was money or property applicable to the respondent's claim.

The answer does not controvert the death of the original legatee, nor the appointment of the petitioner as administratrix. Presumptively, therefore, petitioner succeeded to the legatee's rights.

The petition is not to be commended as to its form, but we think it was sufficient to authorize the order made.

The order of the surrogate should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

So ordered.